**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOHNSON & JOHNSON, ETHICON, INC., ETHICON US, LLC, and JOHNSON & JOHNSON HEALTH CARE SYSTEMS, INC., | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| | ) | 20 CV 3471 |
| vs. | ) ) ) | Magistrate Judge Jeffrey Cummings |
| ADVANCED INVENTORY MANAGEMENT, INC. D/B/A ESUTURES.COM, ANTHONY IADEROSA JR., JASON EINHORN MIKE PHIPPS, and MUDASSAR SHAH, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs have filed an eleven count complaint alleging that defendants violated provisions of federal and state statutory law and Illinois common law by selling and distributing counterfeit Ethicon surgical devices. Pending before the Court is the amended and supplemented motion by defendants Advanced Inventory Management, Inc. d/b/a eSutures.com ("AIM") and Anthony Iaderosa, Jr. ("Iaderosa") (collectively, "Moving Defendants") to quash the subpoenas to produce documents that plaintiffs directed to third-parties Lakeside Bank, CitiMortgage, Inc., and J.P. Morgan Chase Bank (Dckt. #69). For the reasons stated below, the Moving Defendants' motion is denied.

**A.    The Subpoenas**

On June 17, 2020, plaintiffs served non-parties Lakeside Bank, CitiMortgage, Inc., and J.P. Morgan Chase Bank with a copy of the Court's Asset Freeze Order (Dckt. #30) and

1

subpoena to produce documents. The riders for the subpoenas, which are identical, request the production of the following:

> A document or documents sufficient to show, from <u>January 1, 2017 to the present</u>, the current balance amount and all transactions to or from any account Advanced Inventory Management, Inc., d/b/a eSutures.com, Anthony Iaderosa Jr., and/or Mudassar Shah, currently holds, or is a signatory for or a beneficiary of, including the amount and date of transaction; the recipient's name and address; the payee's name and address; the recipient's account number and the name and address of the recipient's bank; the payee's account number and the name and address of the payee's bank; and copies of all wire transfers and checks deposited into or drawn out of the account(s).

Plaintiffs state without contradiction that the Banks have expressed no objection to the subpoenas. (Dckt. #138 at 3).

### B. The Moving Defendants' objections

The Moving Defendants object to the subpoenas on the following grounds. In particular, they assert that the subpoenas should be quashed because the subpoenas:

(1) "seek information beyond what is relevant to Plaintiffs' claims" and proportionate to the needs of the case, and "exceed the bounds of reasonableness in that they seek transaction level details from all of Moving Defendants' bank accounts – accounts not even arguably linked to the profits from the sales of alleged counterfeit goods, including business entities that have nothing to do with the medical product or health care fields." (Dckt. #69 at 4, 2);

(2) "seek substantial confidential and proprietary commercial information, as well as irrelevant and invasive information about not only Defendant Iaderosa's personal life and transactions, but the personal lives and transactions of individuals not even involved in this lawsuit." (Dckt. #69 at 3); and

(3) they are "procedurally improper as they request Lakeside Bank, CitiMortgage, Inc., and J.P. Morgan Chase Bank to produce documents more than 100 miles from their places of business." (Dckt. #69 at 6).

The Court finds that each of these objections is without merit.

2

C.  Analysis

    1.  **The Moving Defendants' relevance and proportionality objections are without merit for two reasons**

It is well-settled that there are only "limited circumstances that allow a party to have standing to contest a third party subpoena." *Parker v. Four Seasons Hotels, Ltd.*, 291 F.R.D. 181, 187 (N.D.Ill. 2013). Unfortunately for the Moving Defendants, parties lack standing to object to a third-party subpoena on the grounds that it seeks irrelevant information or otherwise "goes beyond the scope of discovery as outlined by Rule 26." *Buonavolanto v. LG Chem, Ltd.*, No. 18 C 2802, 2019 WL 8301068, at *2 (N.D.Ill. Mar. 8, 2019); *DeLeon-Reyes v. Guevara*, No. 1:18-CV-01028, 2020 WL 3050230, at *2 (N.D.Ill. June 8, 2020); *Parker*, 291 F.R.D. at 187; *Kessel v. Cook County*, No. 00 C 3980, 2002 WL 398506, at *2 (N.D.Ill. Mar. 14, 2002) (objections "of relevance, burdensomeness, and over breath . . . . properly lie with the subpoenaed party, and not with plaintiffs"). The cases relied on by the Moving Defendants are either distinguishable or unpersuasive.[1]

---

[1] The Moving Defendants' reliance on the decision in *Suture Express, Inc. v. Cardinal Health 200, LLC*, No. 14-CV-0437, 2014 WL 6478077 (N.D.Ill. Nov. 18, 2014), is misplaced because the entity moving to quash (Medline) was the third-party that received the subpoena in question. *Id.*, at *1. As the subpoena recipient, Medline had the ability to raise the full panoply of applicable objections. *See Parker*, 291 F.R.D. at 187 ("[r]elevance, burden or service objections fall to the subpoena's recipient to make"). The decision in *Ultimate Timing LLC v. Simms*, No. 3:09-MC-6-RLY-WGH, 2010 WL 378436 (S.D.Ind. Feb. 1, 2010), upon which the Moving Defendants also rely, is distinguishable as well. In that case, the entities moving to quash were third-party companies whose financial records would have been produced pursuant to subpoenas issued to a bank. *Id.*, at *1. Unlike in this case, there is no indication that there was a protective order in place to protect the financial records of the third-parties.

In a third case, *United States ex rel. Pool v. NMC, Inc.,* No. 2:09-cv-66-WTL-WGH, 2010 WL 4668790 (S.D.Ind. Nov. 9, 2010), the court did permit a defendant to object to the alleged over breath of a third-party subpoena served on a bank where defendant had accounts. *Id.,* at *1-2. However, the factual circumstances are distinguishable from this case. In *Pool*, a False Claims Act case, defendant asserted that it had already produced to the plaintiff/relator all of its bank records that were relevant to the false claims that were at issue. It was in that context that the court determined that plaintiff/relator was entitled to "test the veracity of [defendant's] representations that all of its records had been produced" by "narrowly tailoring" its subpoena to require the disclosure of the bank records showing transactions between the United States and Defendant. *Id.* In this case, the Moving Defendants do not represent that

3

Nevertheless, even if the Moving Defendants had standing to assert that the subpoenas seek irrelevant and non-proportionate information, the Court would overrule this objection on its merits. In their response, plaintiffs offer a persuasive explanation for why the detailed information regarding the transactions conducted from the Moving Defendants' bank accounts is relevant and proportional to the needs of the case under Rule 26. Plaintiffs assert that "[c]ounterfeiting is, in the end, a crime of money" and that "[f]ollowing the money is the bedrock of successful anti-counterfeiting investigations" and the means by which counterfeiters are typically caught. (Dckt. #138 at 3). Indeed, a subpoena issued to the bank of defendant Mudassar Shah enabled Ethicon to determine that he is an eSutures employee despite the fact that eSutures's response to Ethicon's subpoena yielded no documents evidencing the relationship between Mr. Shah and eSutures. (*Id.*, at 4).

Regarding the subpoenas at issue, plaintiffs assert that:

[t]he subpoenaed records will allow Ethicon to see where the money is actually going, and with whom eSutures is actually doing business, even if its internal documentation says otherwise. This will allow Ethicon to identify and investigate potential counterfeiting partners and potentially track down customers who received counterfeits – and quite possibly remove defective and contaminated counterfeit surgical devices from the shelves of hospitals before they can be used on patients.

(Dckt. #138 at 3). Plaintiffs also explain that the subpoenaed information will assist them in learning more about eSutures's fraudulent purchases of authentic Ethicon products and eSutures's importation of Ethicon products using a shell company in Dubai. (Dckt. #138 at 5). Finally, the Court finds that the subpoenas offer the most expeditious way for plaintiffs to

---

plaintiffs already have all of their bank records that are relevant to plaintiffs' claims. Furthermore, this Court respectfully declines to follow *Pool* to the extent it stands for the proposition that a party has standing to quash a third-party subpoena on the ground that it is overbroad.

4

acquire further information about the above subjects given their prior unproductive efforts to subpoena eSutures and the fact that eSutures's witnesses with knowledge (including Iaderosa) have asserted their Fifth Amendment rights and refused to answer all questions at their depositions. (Dckt. #138 at 3).

2. **The Confidentiality Order is sufficient to protect the personal interests of defendant Iaderosa and the individuals with whom he has done business**

The Moving Defendants seek to quash the subpoenas because they call for the production of confidential and proprietary commercial information as well as information about the private life and transactions of defendant Iaderosa and others with whom he has done business. In response, plaintiffs have stipulated that any information produced by the Banks in response to the subpoenas will be designated and treated as Attorneys' Eyes Only information pursuant to the Confidentiality Order (Dckt. #65) previously entered by Judge Dow. (Dckt. #138 at 8). In their reply, the Moving Defendants do not challenge plaintiffs' assertion that designating the information in this manner will be sufficient to protect defendants' proprietary commercial interests and the privacy interests specified above. *See Deslandes v. McDonald's USA, LLC*, No. 1:17-CV-04857, 2019 WL 7480646, at *3-4 (N.D.Ill. July 17, 2019) (rejecting party's privacy related objections to a third-party subpoena after the party failed to explain why the existent protective order was insufficient to protect those interests). The Court agrees with plaintiffs and finds that the Confidentiality Order will provide sufficient protection. Accordingly, the Court overrules the Moving Defendants' confidentiality and privacy-related objections.

3. **The Moving Defendants lack standing to object to the fact that the subpoenas do not comply with Rule 45's "100 mile" rule**

Finally, the Moving Defendants object to the fact that plaintiffs' subpoenas request that the Banks produce documents more than 100 miles from their places of business. However, the

5

Moving Defendants lack standing to make this objection. *See, e.g., Parker*, 291 F.R.D. at 186-87; *Square D Co. v. Breakers Unlimited, Inc.*, No. 07-cv-806-WTL-JML, 2009 WL 1702078, at *1 (S.D.Ind. June 11, 2009). In any event, plaintiffs assert – once more, without contradiction – that banks routinely waive compliance with the technicalities of the 100 mile rule given their ability to produce documents by email or FTP download and the Banks have not objected to the subpoenas' failure to comply with this requirement. Accordingly, the Moving Defendants' objection on this ground does not require that the subpoenas be quashed.

## CONCLUSION

For all of the above reasons, defendants Advanced Inventory Management, Inc. d/b/a eSutures.com and Anthony Iaderosa, Jr.'s amended and supplemented motion to quash the subpoenas to produce documents that plaintiffs directed to third-parties Lakeside Bank, CitiMortgage, Inc., and J.P. Morgan Chase Bank (Dckt. #69) is denied.

**ENTERED:** August 20, 2020

_____
**Jeffrey I. Cummings**
**United States Magistrate Judge**