UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHNSON & JOHNSON, ETHICON, INC., ETHICON US, LLC, and JOHNSON & JOHNSON HEALTH CARE SYSTEMS, INC., | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) | 
| ADVANCED INVENTORY MANAGEMENT, INC. D/B/A ESUTURES.COM, ANTHONY IADEROSA JR., JASON EINHORN, MIKE PHIPPS, and MUDASSAR SHAH, | ) ) ) ) ) ) |
| Defendants. | ) |

Case No: 20-cv-3471

Judge Robert M. Dow, Jr.

**DEFENDANTS' EMERGENCY MOTION TO STAY MAGISTRATE JUDGE CUMMINGS'S ORDER DENYING DEFENDANTS' MOTION TO QUASH UNTIL THE DISTRICT COURT RESOLVES DEFENDANTS' SOON TO BE FILED OBJECTION**

Defendants Advanced Inventory Management, Inc. d/b/a eSutures.com ("AIM") and Anthony Iaderosa, Jr. (together, "Defendants") respectfully move this Court on an emergency basis to enter a stay of Magistrate Judge Cummings' August 20, 2020 Order denying Defendants' Amended and Supplemental Motion to Quash Plaintiffs' Third Party Subpoenas (ECF Nos. 212, 213) until the District Court rules on Defendants' soon to be filed objection to Magistrate Judge Cummings' Order, which Defendants anticipate filing no later than Wednesday, August 26, 2020.[1] In further support thereof, Defendants state as follows:

1. Plaintiffs have issued and served third party subpoenas in this matter on Lakeside Bank, CitiMortgage Inc., and J.P. Morgan Chase seeking information relating to bank accounts

---

[1] Because of the substantial briefing due in this matter on Monday, August 24, 2020, Defendants' counsel anticipate needing until Wednesday to prepare and file the objection.

1

where any of the Defendants are signatories on the accounts. However, many of the accounts themselves are for third party corporate entities that have nothing to do with selling medical devices. (*See generally* ECF No. 130) (listing the bank accounts of numerous third-party entities that have no role in the allegations of this lawsuit, including The Liliana Grace Iaderosa Trust No. 100, 315 S. Jefferson LLC, and 127 Virginia Series LLC). Moreover, none of these entities have been accused by Plaintiffs of selling counterfeit Ethicon Products, which is what this case is about. Therefore, Plaintiffs have no right to obtain this highly sensitive financial information.

2. As a result, on June 26, 2020, Defendants filed their Amended and Supplemented Motion to Quash the Subpoenas ("Motion to Quash").[2] (*See* ECF No. 69.)

3. Defendants' Motion to Quash argued, essentially, that the subpoenas sought irrelevant documents relating to the bank accounts of entities that have nothing to do with the sale of medical devices; thus, Plaintiffs had no right to this information. (*See* ECF No. 69.)

4. On August 20, 2020, Magistrate Judge Cummings issued a Minute Order denying Defendants' Amended and Supplemented Motion to Quash (*see* ECF No. 212), which was followed shortly thereafter by a Memorandum Opinion and Order. (*See* ECF No. 213.)

5. Magistrate Judge Cummings's Memorandum Opinion and Order found that Defendants did not have standing to object to the third party subpoenas, even though the subpoenas sought information regarding bank accounts where the Defendants were signatories on the account. (*See* ECF No. 213 at 3.)

6. This finding constitutes a clear error of law, as the cases cited in Defendants' motion establish that a party has standing to quash a third party subpoena that seeks the party's bank records. (*See* ECF No. 69 at 3, 5-6) (citing *Iantosca v. Benistar Admin Servs., Inc.*, No.

---

[2] Defendants had originally filed a Motion to Quash the subpoena issued to Lakeside Bank on June 24, 2020, but later filed an amended and supplemented motion that also encompassed the subpoenas issued to the other banks. (*See* ECF No. 55.)

1:11-MC-0066-RLY-DML, 2011 WL 3155649, at *2 (S.D. Ind. July 26, 2011); *Ultimate Timing LLC v. Simms*, No. 3:09-MC-6-RLY-WGH, 2010 WL 378436 (S.D.Ind. Feb. 1, 2010); *United States ex rel. Pool v. NMC, Inc.*, No. 2:09-cv-66-WTL-WGH, 2010 WL 4668790 (S.D.Ind. Nov. 9, 2010)). While Magistrate Judge Cummings' Memorandum Opinion and Order attempted to distinguish the authority cited in Defendants' Motion to Quash, it ignored the case *Iantosca v. Benistar Admin Services, Inc.*, where the Court held that "each movant whose banking records are sought by the Subpoena or about whom the records provide financial information has a legitimate interest in the privacy of that information sufficient to confer standing to challenge a Subpoena directed to its bank for those records." 2011 WL 3155649, at *2.

7. Further, the cases Magistrate Judge Cummings's Order cited to in order to support the ruling that Defendants did not have standing to object to the third-party subpoenas on grounds of relevance and that the documents sought were outside the scope of Rule 26 are all distinguishable because they did not involve third party subpoenas seeking a party's banking records. *See Buonavolanto v. LG Chem, Ltd.*, No. 18 C 2802, 2019 WL 8301068, at *2 (N.D. Ill. Mar. 8, 2019) (movant was seeking to quash 62 third party subpoenas issued to hospitals); *DeLeon-Reyes v. Guevara*, No. 1:18-CV-01028, 2020 WL 3050230, at *2 (N.D. Ill. June 8, 2020) (defendant was seeking to quash subpoena to the Cook County State's Attorney's Office); *Parker v. Four Seasons Hotels, Ltd.*, 291 F.R.D. 181, 186 (N.D. Ill. 2013) (defendant was seeking to quash third party subpoenas issued to several individuals and hotels).

8. In addition, Magistrate Judge Cummings's Order also found that even if Defendants did have standing to move to quash the subpoenas, the information sought was relevant and within the scope of Rule 26.

3

9. While Defendants concede that Plaintiffs may have a right to discovery of the bank accounts of AIM, and even Mr. Iaderosa's personal banking accounts, the subpoenas as written are overly broad and seek documents concerning bank accounts of entities that have nothing to do with this case. As a result, Magistrate Judge Cummings's Order finding that Plaintiffs can subpoena information regarding these un-related bank accounts constitutes a clear error of law. *See, e.g.*, *Zenith Elecs. Corp. v. Exzec, Inc.*, No. 93 C 5041, 1998 WL 9181, at *2 (N.D. Ill. Jan. 5, 1998) ("the legal tenet that relevancy in the discovery context is broader than in the context of admissibility should not be misapplied so as to allow fishing expeditions in discovery.").

10. Because of the clear errors of law present in Magistrate Judge Cummings' Order, Defendants are preparing to file an objection pursuant to Federal Rule of Civil Procedure 72(a).

11. However, in the interim, Defendants respectfully seek a stay of Magistrate Judge Cummings's Order denying Defendants' Motion to Quash until the District Court rules on Defendants' soon to be filed objection. Defendants seek this relief on an emergency basis to ensure that Plaintiffs do not force the third party banks to produce the bank account information sought before the Court has the opportunity to rule on Defendants' objection.

12. "The Court has inherent power to control its docket, including the discretion to stay proceedings." *Am. Gen. Life Ins. Co. v. Vistana Condo. Owners Ass'n*, No. 2:12-CV-01324-GMN, 2013 WL 2355511, at *3 (D. Nev. May 29, 2013) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)).

13. Federal courts have found that it is proper to stay a Magistrate Judge's discovery order pending the resolution of a party's objection to the order where: (1) the objecting party has shown a likelihood of success on the merits of the objection; (2) the objecting party would suffer

4

irreparable injury absent the stay; (3) there is a lack of substantial prejudice to the opposing party by implementing a stay; and (4) a stay would serve the public interest. *See Companhia Energetica Potiguar v. Caterpillar Inc.*, 2016 WL 7469993, at *4 (S.D. Fla. Apr. 13, 2016) (citation omitted); *see also Ameritox, Ltd v. Millennium Labs. Clinical Supply, Inc.*, No. 12-CV-2797 W (RBB), 2013 WL 12108074, at *1 (S.D. Cal. Nov. 13, 2013) (same). Here, all factors are present and weigh in favor of issuing a stay.

14. First, Defendants have established a likelihood of success on the merits because Magistrate Judge Cummings made a clear error of law by finding that Defendants did not have standing to move to quash the subpoenas. In addition, Magistrate Judge Cummings made a clear error of law by alternatively finding that Plaintiffs were entitled to bank accounts of entities that have nothing to do with the sale of medical devices.

15. Second, Defendants would suffer irreparable harm absent a stay because denying Defendants' request for a stay would enable Plaintiffs to force the banks to comply and produce the sensitive financial documents prior to the Court's ruling on Defendants' objection. Thus, if the District Court ultimately found that the Magistrate Judge did commit a clear error of law, then such a finding would provide no relief to Defendants as Plaintiffs would have already obtained the bank records at issue.

16. Third, Plaintiffs will not suffer any prejudice through the stay. If the Court grants Defendants' soon to be filed objection, then Plaintiffs will have no right to the bank account information they seek. If the Court denies Defendants' soon to be filed objection, then ultimately Plaintiffs would have only been delayed in obtaining the documents. Given that Plaintiffs have thus far managed to compile a voluminous record in this matter, Defendants fail to see how Plaintiffs would be prejudiced by this incremental delay.

17. Finally, public policy supports issuing a stay because of the privacy rights involved. Plaintiffs have no right to obtain sensitive financial information regarding bank accounts that have nothing to do with the claims involved in this case. Thus, issuing a stay will protect and preserve Defendants' privacy rights while the Court rules on Defendants' objection.

18. Defendants acknowledge that courts have generally found that filing an objection to a Magistrate Judge's order does not usually warrant staying the Magistrate Judge's order. However, in this case, if the Court does not grant the requested stay, then Defendants will be left without a meaningful procedure for objecting to Magistrate Judge Cummings' order pursuant to Federal Rule of Civil Procedure 72(a), as Plaintiffs could force the third party banks to produce the documentation and thereby moot any objection filed by Defendants.

19. Defendants bring this motion in good faith and not for any undue purposes of delay.

## CONCLUSION

Accordingly, for the foregoing reasons, Defendants respectfully request that the Court grant Defendants' Motion and enter a stay of Magistrate Judge Cummings' Order denying Defendants' Motion to Quash Plaintiffs' Third Party Subpoenas (ECF Nos. 212, 213) until the District Court rules on Defendants' soon to be filed objection to Magistrate Judge Cummings's Order.

Dated: August 21, 2020                              Respectfully submitted,

                                                        ADVANCED INVENTORY MANAGEMENT, INC. D/B/A ESUTURES.COM and ANTHONY IADEROSA, JR.

                                                        By:  /s/ Alexander S. Vesselinovitch
                                                            One of Their Attorneys

Alexander S. Vesselinovitch
Matthew T. Connelly
Freeborn & Peters LLP
311 S. Wacker Drive., Suite 3000
Chicago, IL 60606
avesselinovitch@freeborn.com
mconnelly@freeborn.com

Michael S. Denniston
Gregory G. Marshall
Jack W. Selden
Erin K. Sullivan
Scarlett S. Nokes
Bradley Arant Boult Cummings LLP
1615 L Street NW, Suite 1350
Washington, DC 20036
mdenniston@bradley.com
gmarshall@bradley.com
jselden@bradley.com
esullivan@bradley.com
snokes@bradley.com

## **CERTIFICATE OF SERVICE**

      The undersigned attorney hereby certifies that he caused the foregoing emergency motion to be served on all counsel of record via the Court's ECF system.

                                                /s/ Alexander S. Vesselinovitch