**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHNSON & JOHNSON, ETHICON, INC., ETHICON US, LLC, and JOHNSON & JOHNSON HEALTH CARE SYSTEMS, INC., | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) ) ) | 20 CV 3471<br><br>Magistrate Judge Jeffrey Cummings |
| ADVANCED INVENTORY MANAGEMENT, INC. D/B/A ESUTURES.COM, ANTHONY IADEROSA JR., JASON EINHORN MIKE PHIPPS, and MUDASSAR SHAH, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

On August 20, 2020, this Court denied the amended and supplemented motion by defendants Advanced Inventory Management, Inc. d/b/a eSutures.com ("AIM" or "eSutures") and Anthony Iaderosa, Jr. ("Iaderosa") (collectively, the "Movants") to quash the subpoenas to produce documents that plaintiffs directed to third-parties Lakeside Bank, CitiMortgage, Inc., and J.P. Morgan Chase Bank. (Dckt. #213) (hereinafter, "Order"). The next day, August 21, the Movants filed an emergency motion to stay the Order denying defendants' motion to quash until the district court resolves defendants' objection. (Dckt. #214). In his August 24, 2020 order (Dckt. #217), Judge Dow directed the Movants to present their emergency motion to stay to this Court in the first instance. That same day, plaintiffs filed a response in opposition to the Movants' emergency motion. (Dckt. #218). On August 26, defendants filed their objection, in which they seek to reverse the Order and quash the third-party subpoenas to the extent that they

1

call for the production of documents and information relating to bank accounts other than the business bank account of AIM and the personal bank account of Mr. Iaderosa. (Dckt. #224 at 2).

After consideration of the parties' respective arguments and the governing legal standard, this Court finds that a stay of the Order is not warranted. Accordingly, the Movants' emergency motion for a stay is denied.

**A.    Analysis**

The Movants "acknowledge that courts have generally found that filing an objection to a Magistrate Judge's order does not usually warrant staying the Magistrate Judge's order." (Dckt. #214 at 6); *Companhia Energetica Portiguar v. Caterpillar Inc.,* No. 14-CV-24277, 2016 WL 7469993 at *4 (S.D.Fla. Apr. 13, 2016) ("federal courts often deny motions to stay a magistrate judge's discovery order") (citing cases). This is so because the standard that must be met to obtain a stay is quite high. In particular, to obtain a stay of the Order, the Movants must establish: (1) they have shown a likelihood of success on the merits of the objection; (2) they will suffer irreparable injury absent the stay; (3) there will be a lack of substantial prejudice to plaintiffs if a stay is granted; and (4) a stay will serve the public interest. (Dckt. #214 at 4-5) (citing *Companhia,* 2016 WL 7469993 at *4). The Movants have failed to meet their burden of establishing any of these factors.

    **1.    The Movants have failed to establish a likelihood of success on the merits of their objection**

"The Federal Rules of Civil Procedure provide magistrate judges with broad discretion in resolving discovery disputes" and a magistrate judge's ruling on a discovery motion "may be reversed only on a finding that the order is 'clearly erroneous or contrary to law.'" *Bobkoski v. Bd. of Educ. of Cary Consol. Sch. Dist. 26,* 141 F.R.D. 88, 90 (N.D.Ill. 1992), *quoting* Fed.R.Civ.P. 72(a). Here, the Movants assert that the Order is contrary to law because it held

that Movants "lack[ed] standing to object to a third-party subpoena on the grounds that it seeks irrelevant information or otherwise 'goes beyond the scope of discovery as outlined by Rule 26'" (Dckt. #224 at 5, *quoting* Dckt. #213 at 3). The Movant's further assert that the Order's finding that information related to bank accounts of the other entities that were controlled by defendants AIM or Mr. Iaderosa (who are either the owner, beneficiary, or signatory of the accounts) is discoverable under the standards of Rule 26 was clearly erroneous. (Dckt. #224 at 2, 8-9).

    **a.    The Order's holding that the defendant Movants lack standing to object to the third-party subpoenas on the grounds of lack of relevance and over breadth is not contrary to law**

In the Order, this Court cited five prior decisions from this District which have held that there are only limited circumstances that allow parties (such as the Movants) to have standing to contest third-party subpoenas, and that parties lack standing to object to third-party subpoenas on the grounds that they seek irrelevant information or otherwise go beyond the scope of discovery as outlined by Rule 26. (Dckt. 213 at 3) (citing cases). The Movants do not challenge the holding of these decisions or claim that they were wrongly decided.[1] Instead, Movants assert that the fact that they have standing to protect their confidential and proprietary commercial and personal information within the bank accounts[2] enables them to assert relevance and over

---

[1] Indeed, the Movants claim that two of the decisions that embrace these general rules actually support their objection because the judges in these cases *sua sponte* exercised their discretion to treat the parties' unavailing motions to quash as motions for Rule 26(c) protective orders under which the parties' relevance and proportionality orders could be considered. (Dckt. #224 at 7 (citing to *DeLeon-Reyes v. Guevara,* No. 1-:18-CV-01028, 2020 WL 3050230, at *3 (N.D.Ill. June 8, 2020) and *Buonavolanto v. LG Chem, Ltd.,* No. 18 C 2802, 2019 WL 8301068, at *2-3 (N.D.Ill. Mar. 8, 2019)). The Movants do not claim that the Order was contrary to law because this Court did not similarly *sua sponte* exercise its discretion to convert their unsuccessful motion to quash into a motion for a protective order.

[2] The Order addressed the Movant's confidentiality and privacy objections on their merits and held that plaintiffs' stipulation that they would designate all information obtained from the subpoenas as "attorneys' eyes only" pursuant to the Confidentiality Order (Dckt. #65) would sufficiently protect the interests of the Movants and those with whom they have done business. (Dckt. #213 at 5). The Movants do not challenge this finding in their objection.

3

breadth objections that the above general rules of law would otherwise bar them from asserting. (Dckt. #224 at 4-6). While the Movants have cited some non-precedential decisions that permit parties who challenge third-party subpoenas for bank records to assert broader objections,[3] none of these decisions expressly considered the issue and held that the issuance of a third-party subpoena to a bank creates an exception to the general rules cited above.

On the other hand, the analysis in one of the decisions cited in the Order (*Kessel v. Cook County*, No. 00 C 3980, 2002 WL 398506 (N.D.Ill. Mar. 14, 2002)), expressly considered and rejected the proposition that a party's standing to assert confidentiality and privacy objections to a third-party subpoena vests it with standing to assert broader objections as well. In *Kessel*, plaintiffs raised relevance, burdensomeness, over breadth, and privacy-related objections to third-party subpoenas that sought information regarding their educational background, other employment, and medical treatment. 2019 WL 7480646, at *1-2. The court rejected plaintiffs' relevance, burdensomeness, and over breath objections because they "properly lie with the subpoenaed party, and not with the plaintiffs" (*id.,* at *2), yet it proceeded to consider and analyze plaintiffs' privacy-related and privilege objections. *Id.,* at *2-7. This Court's decision to rely on *Kessel* and the other Northern District of Illinois decisions cited in the Order as opposed to the non-precedential decisions that it found to be non-persuasive was not "contrary to law."

### b. The Order's finding that the documents sought by the subpoenas is within the scope of discovery allowed by Rule 26 was not clearly erroneous

The Movants admit that plaintiffs have a right to subpoena the documents from the bank account of AIM and the personal banking accounts of Mr. Iaderosa. (Dckt. #224 at 8). However, the Movants assert that documents from the other entities' bank accounts which AIM

---

[3] *See* Dckt. #224 at 4-5, 7 n.4. This Court distinguished a number of these decisions in the Order. (Dckt. #213 at 3-4 n.1).

4

and Mr. Iaderosa control by virtue of the fact that they are the owner, beneficiary, or signatory are irrelevant and non-discoverable because plaintiffs have provided no evidence that these accounts have anything to do with the purchase or sale of counterfeit Ethicon products. (Dckt. #224 at 8-11). Therefore, according to the Movants, the Order's finding that the records from these accounts are discoverable is clearly erroneous.

Under Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed.RCiv.P.26(b)(1). Discovery is relevant and appropriate under Rule 26(b)(1) "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). In the Order, the Court credited plaintiffs' explanation for why their request for information regarding the financial transactions relating to the bank accounts in question was calculated to lead to the discovery of admissible evidence. (Dckt. #213 at 4). Specifically, plaintiffs assert that the records concerning the transactions will shed light on issues that Judge Dow has held to be within the scope of discovery by showing how the Movants (who control all of the accounts): (1) paid for purchases of counterfeit Ethicon products; (2) made fraudulent purchases of authentic Ethicon products; (3) paid bribes to surgery center employees to make fraudulent purchases; (4) used a shell company in Dubai to import Ethicon products; and (5) used eSutures in connection with Mr. Iaderosa's illegal online gambling operation. (Dckt. #138 at 3-5).

The Movants rely heavily on their counsel's assertion that discovery at issue is irrelevant because the bank accounts of the other entities had "nothing to do with this case." (Dckt. 224 at 8). However, arguments in "a brief, unsupported by documentary evidence, are *not* evidence," *United States v. Stevens,* 500 F.3d 625, 628 (7th Cir. 2007) (emphasis in original), and plaintiffs have presented evidence that challenges the integrity of eSutures' response to a prior subpoena

5

and its representations in this lawsuit regarding its internal record keeping concerning the sale of counterfeit products.[4] Finally, the fact that the information sought is not readily available from eSutures and the eSutures's witnesses with relevant knowledge (on account of their exercise of their Fifth Amendment privilege) also weighs in favor of allowing this discovery.

For these reasons, the Movants will be unlikely to succeed on their claim that the Order's finding that the discovery sought regarding the bank accounts in question was clearly erroneous. *See Weeks v. Samsun Heavy Indus. Co.,* 126 F.3d 926, 943 (7th Cir. 1997) ("The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made").

### 2. The Movants will not suffer irreparable harm if a stay is not granted

The Movants have failed to establish that they will suffer irreparable harm if a stay is not granted and the Banks – who have asserted no objection to the subpoenas – produce the bank records in question. The application of the Confidentiality Order's attorneys' eyes only designation to the subpoenaed records will protect the privacy interests of the Movants and those with whom they have done business. (Dckt. #213 at 5) (citing to *Deslandes v. McDonald's USA, LLC*, No. 1:17-CV-04857, 2019 WL 7480646, at *3-4 (N.D.Ill. July 17, 2019)); *see also Kessel*, 2002 WL 398506, at *3 (holding that designation of plaintiffs' sensitive medical records under an attorneys' eyes only provision was "sufficient to protect plaintiffs' privacy interests, while at the same time affording defendants discovery that may lead to admissible evidence to defend against plaintiffs' claims"). Moreover, even if certain of the accounts and records have nothing

---

[4] In particular, plaintiffs learned that defendant Mudassar Shah was an eSutures employee by issuing a subpoena to his bank after eSutures's response to Ethicon's subpoena yielded no documents evidencing the relationship between Mr. Shah and eSutures. (Dckt. #138 at 4). Plaintiffs also assert that "eSuture's internal documentation falsely lists its transactions with counterfeiter Medserve under the name 'Little India Trading,' and eSutures used that false internal bookkeeping to argue that its records proved that it never sold any counterfeits from Medserve to any customers." (Dckt. #138 at 5).

6

to do with the sale of medical devices as defendants assert, the records will remain in the hands of plaintiffs' counsel, and not in the hands of plaintiffs themselves. The Movants have not shown how this result would cause them to suffer irreparable harm.

### 3. The delay created by the stay will potentially cause plaintiffs to suffer substantial prejudice

Plaintiffs served their subpoenas on June 17, 2020 pursuant to the Court's Expedited Discovery Order (Dckt. #35). There is no question that a stay will delay plaintiffs' access to the subpoenaed records even presuming the Movants' objection is ultimately overruled. Consequently, a stay will potentially deprive plaintiffs of the opportunity to use the subpoenaed records in connection with their pending motion for a preliminary injunction. If – as plaintiffs suspect – the bank records will yield further evidence in support of their claims, the delay created by the stay will prejudice plaintiffs by depriving them of evidence that could be used to meet their burden of proof in connection with the preliminary injunction proceedings.

### 4. The Movants have failed to show that a stay will serve the public interest

The Movants assert that a stay will serve the public interest by protecting their privacy rights while Judge Dow considers their objection. (Dckt. #214 at 6). However, as stated above, defendants' privacy rights are already protected by plaintiffs' stipulation that they will designate the records produced pursuant to the subpoenas as attorneys' eyes only under the Confidentiality Order. Therefore, a stay is not necessary to protect the Movants' privacy interests and the public interest will be disserved by the delay that a stay will inevitably cause.

## CONCLUSION

For all of the above reasons, defendants Advanced Inventory Management, Inc. d/b/a eSutures.com and Anthony Iaderosa, Jr.'s emergency motion to stay Magistrate Judge

Cummings's order denying defendants' motion to quash until the district court resolves defendants' objection (Dckt. #214) is denied.

**ENTERED:   August 28, 2020**

_____
**Jeffrey I. Cummings**
**United States Magistrate Judge**